**SOUTHERN PACIFIC CO.**

v.

**CANNERY WAREHOUSEMEN et al.**

Civ. No. 7664.

United States District Court,
D. Oregon.

Oct. 1, 1954.

William F. Lubersky and Edwin L. Graham, Portland, Or., of Koerner, Young, McColloch & Dezendorf, Portland, Or., for plaintiff.

James Landye, Portland, Or., of Anderson, Franklin & Landye, Portland, Or., for defendants.

McCOLLOCH, Chief Judge.

The defendant union picketed a canning plant to compel the plant to unionize. Normal picketing not bringing results, the defendants obstructed plaintiff's railroad track, to keep plaintiff from rendering common carrier service to the cannery.

Permanent injunction against obstructing track granted.

**Findings of Fact, Conclusions
of Law and Judgment**

This cause coming on to be heard in open court and it appearing to the court that a temporary restraining order has been heretofore made and entered by the court and that hearing upon plaintiff's motion for a preliminary injunction has been had, at which the court heard and received oral testimony and exhibits, and that a preliminary injunction has been heretofore made and entered by the court along with findings of fact and conclusions of law therefor, and it appearing to the court that the parties have stipulated that the final trial and decision of this matter may be had upon the evidence, exhibits and arguments adduced and introduced at the hearing upon plaintiff's motion for a preliminary injunction, and this procedure being acceptable to the court, and the court being fully advised in the premises makes the following findings of fact and conclusions of law:

**Findings of Fact**

(1) This action arises under an Act of Congress dated February 4, 1887, 24 Stat. 379, as amended, Title 49 U.S.C.A. cited as the Interstate Commerce Act.

(2) Plaintiff is a corporation incorporated under the laws of the State of Delaware.

(3) Defendant Cannery Warehousemen, Food Processors, Drivers and Helpers, Local Union No. 809, is now and was

at all times mentioned herein, an unincorporated association and a labor organization composed of individuals employed in the cannery and food processing industries in Oregon and Washington, with its principal office at Portland, Oregon.

(4) Defendant C. C. Evanson is a citizen of the State of Washington.

(5) Defendant Harold Abelson is a citizen of the State of Oregon.

(6) The matter in controversy exceeds, exclusive of interest and costs the sum of $3,000.

(7) Plaintiff is a common carrier railroad subject to regulation under the Interstate Commerce Act and required thereby to render common carrier service by rail to the shippers and receivers of freight in the State of Oregon.

(8) One of plaintiff railroad's lines runs through the City of Sherwood in Washington County, Oregon, and adjacent to the canning plant of the Portland Canning Company in that city. The Portland Canning Company is one of the shippers and receivers of freight shipments in Sherwood, Oregon, and the aforesaid track is used by plaintiff to deliver and receive empty and loaded freight cars for the service of Portland Canning Company.

(9) Portland Canning Company is presently engaged in the processing of Blue Lake beans and said commodity is of a highly perishable nature.

(10) Failure of plaintiff common carrier to render common carrier service by rail to Portland Canning Company will result in substantial and immediate damage to the products being handled by Portland Canning Company.

(11) The Portland Canning Company has made demand upon plaintiff for service.

(12) On Friday, August 27, 1954, in the forenoon plaintiff was prevented from proceeding on its tracks adjacent to Portland Canning Company by four pickets who placed themselves upon the tracks and right-of-way of plaintiff and refused to remove themselves therefrom. Plaintiff was thereby prevented from performing its duty as a common carrier.

(13) Plaintiff has no contract, agreement or dispute with the defendants or any of them.

(14) Defendants' picketing of Portland Canning Company was organizational in nature.

(15) Plaintiff has no adequate remedy at law and will suffer irreparable injury, loss and damage unless the defendants are enjoined from trespassing and picketing upon plaintiff's premises.

### Conclusions of Law

(1) The issuance of an injunction is necessary to prevent immediate and irreparable damage to plaintiff for the reason that failure of the plaintiff to perform its common carrier duty to the Portland Canning Company would subject plaintiff to actions for damages and penalties for which plaintiff would have no adequate redress at law.

(2) This case does not involve or arise out of a labor dispute within the terms of Section 107, Title 29 U.S.C.A. The plaintiff, being a common carrier railroad subject to the Railway Labor Act, is not required to pursue the administrative remedies established by the Labor Management Relations Act of 1947, 29 U.S.C.A. § 141 et seq., for relief from the trespasses and interference with its common carrier duties by defendants herein.

(3) This court has jurisdiction over the parties and subject matter of this controversy.

### Judgment

Wherefore, It Is Ordered and Adjudged that a final injunction be and is hereby granted plaintiff against the defendants, their agents, servants, employees and attorneys and all persons in active concert or participation with them, permanently enjoining them from establishing or maintaining or causing to be established or maintained or in any manner encouraging, aiding or abetting in the establishment of pickets or a picket

line on the premises or property of the plaintiff at Sherwood, Oregon, or otherwise trespassing thereon.

It Is Further Ordered and Adjudged that plaintiff shall be released from its bond given in conjunction with the preliminary injunction hereinbefore issued.

Jurisdiction of this cause is retained for the purpose of giving full effect to this judgment and for the purpose of making such further and other orders and decrees or taking such further action, if any, as may become necessary or appropriate to carry out and enforce its judgment.